FILED
MAR 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY BURCH                              )
1629 Columbia Road, #617                 )
Washington, D.C. 20009                   )
                                         )
        Plaintiff,                       )
                                         )
    v.                                   )
                                         )   Case: 1:07-cv-00511
ZIMMER US, INC.                          )   Assigned To : Leon, Richard J. JURY
1800 West Center Street                  )   Assign. Date : 3/19/2007  ACTION
Warsaw, IN 46581                         )   Description: BURCH v. ZIMMER
                                         )
SERVE:   Corporation Service Company     )
         1090 Vermont Avenue, N.W.       )
         Washington, D.C. 20005          )
                                         )
and                                      )
                                         )
ZIMMER, INC.                             )
1800 West Center Street                  )
Warsaw, IN 46581                         )
                                         )
SERVE:   CT Corporation System           )
         1015 15th Street, N.W.          )
         Suite 1000                      )
         Washington, D.C. 20005          )
                                         )
        Defendants.                      )

## COMPLAINT

Comes now Plaintiff Nancy Burch, by and through her attorneys THE LAW FIRM

OF L. PALMER FORET, P.C. and files this Complaint alleging as follows:

1

## A. JURISDICTION AND VENUE

1.  Jurisdiction of this Court is founded on diversity of citizenship and amount in controversy, 28 U.S.C. §1332; Plaintiff is a citizen of the District of Columbia; Defendant Zimmer US, Inc. is a corporation incorporated under the laws of Indiana and regularly transacts business in the District of Columbia; Defendant Zimmer, Inc. is a corporation incorporated under the laws of Indiana and regularly transacts business in the District of Columbia; the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

2.  The negligence giving rise to this Complaint took place in the District of Columbia.

## B. FACTS

3.  Plaintiff Nancy Burch is and was at all times relevant to this action an adult citizen of the District of Columbia.

4.  At all times relevant to this action, Defendant Zimmer US, Inc. (hereinafter "Defendant Zimmer US") and Defendant Zimmer, Inc (hereinafter "Defendant Zimmer") were corporations incorporated under the laws of Indiana and regularly transacted business in the District of Columbia

5.  Defendant Zimmer US and Defendant Zimmer are corporations and the designer, manufacturer, distributor, and/or seller of hip implants. At all times herein mentioned, the defendants intentionally distributed hip implants to a market which

included the District of Columbia.

6. Plaintiff Nancy Burch received a hip implant manufactured by Defendants in her right hip on October 22, 2003.

7. X-rays taken of Plaintiff Nancy Burch's right hip on April 9, 2004 showed breakage of the femoral component and wires contained within Defendants' defective hip implant.

8. Plaintiff Nancy Burch underwent a total right hip revision on May 17, 2004 to repair the fractured right hip and replace the defective hip implant designed and/or manufactured by Defendants.

9. Plaintiff has continued to receive subsequent medical treatment as a result of the failure of Defendants' defective hip implant and resulting complications.

10. At a time prior to October 22, 2003, Defendants designed, manufactured, assembled, marketed, sold, distributed, and/or placed within the stream of commerce the implant which broke inside Plaintiff Nancy Burch's right hip on April 9, 2004.

11. On April 9, 2004, and at all other relevant times, the hip implant designed and/or manufactured by the defendants was in substantially the same condition as when placed into the stream of commerce by the defendant.

12. On April 9, 2004, and at all other relevant times, the hip implant designed and/or manufactured by the defendants was used in a manner reasonably anticipated by the defendant.

13. The hip implant, when purchased for use from the defendants, and when used at all relevant times, was in a defective and unreasonably dangerous condition in that it was improperly designed and/or manufactured and/or was crafted of inappropriate materials to be used in patients such as Plaintiff Nancy Burch.

14. Plaintiff Nancy Burch did not know, and by using ordinary care could not have known, of the unreasonably dangerous and defective condition of the hip implant.

## COUNT I
### (Negligence)

15. Plaintiff incorporates by reference and realleges as though fully set forth herein paragraphs 1-14 of the Complaint filed herein.

16. Defendants were under a duty to design, assemble, manufacture, test, market, distribute and sell the hip implant in a reasonably safe condition, so as to prevent injury to the intended users and, in particular, to the plaintiff herein. Defendants breached these duties by failing to comply with the requisite standards of reasonable due care and diligence.

17. Specifically, Defendants were negligent and careless in one or more of the following respects:

(a) in negligently and carelessly designing, assembling, manufacturing, distributing and/or selling the hip implant when they knew or should have known that it was defective for its intended use;

(b)  in negligently and carelessly failing to recall and/or remove the product from the marketplace;

(c)  in negligently and carelessly failing to make to make safe the defective and unreasonably dangerous condition of the hip implant as described above;

(d)  in negligently and carelessly failing to adequately warn and/or instruct buyers, users and operators of the hip implant, including the plaintiff herein, of the unreasonably dangerous and defective condition of the hip implant as described above;

(e)  in negligently and carelessly designing, assembling, manufacturing, testing, distributing and selling the hip implant in such a condition that it was likely to result in injury to its users with little or no warning;

(f)  in negligently and carelessly failing to adequately instruct the patients receiving the hip implant on its proper use and/or the hazards associated with the use of the hip implant;

(g)  were otherwise negligent.

## COUNT II
### (Strict Tort Liability)

18. The plaintiff incorporates by reference and realleges as though fully set forth herein paragraphs 1-17 of this Complaint.

19. The hip implant, when designed, manufactured, marketed, distributed, offered for sale, sold, and placed into the stream of commerce by Defendants was in an

unreasonably dangerous and defective condition when used as intended. Specifically, the hip implant was defective in at least one or more of the following respects:

    (a)    when used in a normal manner, the implant was incapable of sustaining structural integrity when used in a patient such as Plaintiff;

    (b)    the hip implant was made of inappropriate and/or inadequate materials;

    (c)    the hip implant lacked adequate warnings;

    (d)    the hip implant lacked adequate instructions for safe operation and/or implantation;

    (e)    the hip implant was defectively manufactured; and

    (f)    the hip implant was otherwise defective.

## COUNT III
### (Products Liability – Failure to Warn)

20. The plaintiff incorporates by reference and realleges as though fully set forth herein paragraphs 1-19 of this Complaint.

21. The defendants failed to warn the ultimate user, including the plaintiff, of the defective and unreasonably dangerous condition of the hip implant.

## **DAMAGES**

22. The plaintiff incorporates by reference and realleges as though fully set forth herein paragraphs 1-21 of this Complaint.

23. As a direct and proximate result of the negligence of Defendant Zimmer US and Defendant Zimmer and/or the dangerous and defective condition of the hip implant, Plaintiff Nancy Burch suffered serious and permanent personal injuries and disfigurement.

24. As a further direct and proximate result of the negligence of Defendant Zimmer US and Defendant Zimmer and/or the dangerous and defective condition of the hip implant, Plaintiff Nancy Burch has suffered and will continue to suffer in the future physical pain and mental anguish, has suffered and will continue to suffer in the future physical disfigurement, has suffered and will continue to suffer in the future inconvenience and discomfort, has suffered and will continue to suffer in the future loss of earnings and earning capacity, has incurred and will incur in the future expenses for medical treatment, and has suffered and will continue to suffer in the future other injuries, damages, and expenses.

\* \* \*

WHEREFORE, Plaintiff Nancy Burch requests that judgment be entered in her favor and against Defendant Zimmer US, Inc. and Defendant Zimmer, Inc, jointly and severally, for One Million Dollars ($1,000,000), plus the costs of this action, as well as such further and additional relief as the nature of the case may require and which this Honorable Court deems just and proper.

Respectfully submitted,

THE LAW FIRM OF L. PALMER FORET, PC

By: *[signature]*
L. Palmer Foret, Esquire #260356
1735 20th Street, N.W.
Washington, D.C. 20009
(202) 332-2404 (Telephone)
(202) 332-2808 (Facsimile)
*Counsel for Plaintiff*

## JURY DEMAND

The plaintiff demands a trial by jury on all issues raised herein.

*[signature]*
L. Palmer Foret

07-511
B RJL

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
NANCY BURCH

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)
Washington, D.C.

## DEFENDANTS
ZIMMER US, INC.
ZIMMER, INC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE T[...]

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
L. Palmer Foret, Esq. 202.332.2404
The Law Firm of L. Palmer Foret, PC
1735 20th Street NW, Washington DC 2000[...]

Case: 1:07-cv-00511
Assigned To : Leon, Richard J.
Assign. Date : 3/19/2007
Description: BURCH v. ZIMMER

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ A. Antitrust
☐ 410 Antitrust

☒ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ C. Administrative Agency

☐ D. Temporary Restraining [...]liminary [...]n

[...]any category may [...]gory of case

[...]overns)*

Court Name: District of Columbia
Division: 1
Receipt Number: 4616002995
Cashier ID: lwebb
Transaction Date: 03/19/2007
Payer Name: The Law Firm of L Palmer Foret

CIVIL FILING FEE
For: The Law Firm of L Palmer Foret
Amount:         $350.00

CHECK
 Check/Money Order Num: 7307
 Amt Tendered: $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

07-0511

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $45 fee will be charged for a returned check.

☐ E. General Civil (Other)   OR   ☐ F. Pro Se Ge[neral]

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 1[...]
☐ 423 Withdrawal 28 U[...]

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Ot[...]
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintif[f or] defendant)
☐ 871 IRS-Third Party USC 7609

[...]luenced & Corrupt
[...]edit
[...]te TV
[...]ice
[...]mmodities/
[...]allenge 12 USC
[...]determination
[...]ccess to Justice
[...]lity of State
[...]ry Actions (if not
[...]agency review or

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC §1332 This is a products liability case against Defendants/Manufacturers of a defective hip implant, causing injuries to Plaintiff.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO    If yes, please complete related case form.

DATE 3/15/07    SIGNATURE OF ATTORNEY OF RECORD  *J. Valmer [signature]*

JTC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.