UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY BURCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:07-cv-00511 |
| v. ) | |
| ) | |
| ZIMMER US, INC. ) | |
| and ZIMMER, INC., ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Zimmer US, Inc. and Zimmer, Inc. (collectively, "the Zimmer entities"), hereby respond to the Complaint filed by plaintiff, Nancy Burch ("Plaintiff"), as follows:

**A. JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is founded on diversity of citizenship and amount in controversy, 28 U.S.C. §1332; Plaintiff is a citizen of the District of Columbia; Defendant Zimmer US, Inc. is a corporation incorporated under the laws of Indiana and regularly transacts business in the District of Columbia; Defendant Zimmer, Inc. is a corporation incorporated under the laws of Indiana and regularly transacts business in the District of Columbia; the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

**ANSWER**: The Zimmer entities admit only that jurisdiction in this Court is proper based on diversity of citizenship and amount in controversy and that they transact business in the District of Columbia. The Zimmer entities deny that Zimmer, Inc. and Zimmer US, Inc. are incorporated under the laws of Indiana. The Zimmer entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint.

BDDB01 4874716v1

2. The negligence giving rise to this Complaint took place in the District of Columbia.

**ANSWER**: The Zimmer entities deny the allegations in paragraph 2 of the Complaint to the extent they allege the Zimmer entities were negligent. The Zimmer entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint, and therefore deny them.

### B. FACTS

3. Plaintiff Nancy Burch is and was at all times relevant to this action an adult citizen of the District of Columbia.

**ANSWER**: The Zimmer entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint, and therefore deny them.

4. At all times relevant to this action, Defendant Zimmer US, Inc. (hereinafter "Defendant Zimmer US") and Defendant Zimmer, Inc (hereinafter "Defendant Zimmer") were corporations incorporated under the laws of Indiana and regularly transacted business in the District of Columbia.

**ANSWER**: The Zimmer entities deny that Zimmer, Inc. and Zimmer US, Inc. are incorporated under the laws of Indiana. The Zimmer entities admit that they transact business in the District of Columbia.

5. Defendant Zimmer US and Defendant Zimmer are corporations and the designer, manufacturer, distributor, and/or seller of hip implants. At all times herein mentioned, the defendants intentionally distributed hip implants to a market which included the District of Columbia.

**ANSWER**: The Zimmer entities admit that Zimmer, Inc. designs, manufactures, distributes, and sells hip implants. The Zimmer entities further admit that they are corporations and distribute hip implants in the District of Columbia.

6. Plaintiff Nancy Burch received a hip implant manufactured by Defendants in her right hip on October 22, 2003.

**ANSWER**: The Zimmer entities admit that Plaintiff received a hip implant manufactured by Zimmer, Inc. in her right hip on October 22, 2003.

7. X-rays taken of Plaintiff Nancy Burch's right hip on April 9, 2004 showed breakage of the femoral component and wires contained within Defendants' defective hip implant.

**ANSWER**: The Zimmer entities admit only that the office note of Dr. Paul Manner, dated April 9, 2004, states that x-rays taken on Plaintiff's right hip showed breakage of the femoral component and wires on the trochanteric grip. The Zimmer entities deny that the Zimmer hip implant was defective.

8. Plaintiff Nancy Burch underwent a total right hip revision on May 17, 2004 to repair the fractured right hip and replace the defective hip implant designed and/or manufactured by Defendants.

**ANSWER**: The Zimmer entities admit only that Plaintiff underwent a total right hip revision on May 12, 2004, at which time the hip implant designed and manufactured by Zimmer, Inc. was removed. The Zimmer entities deny that the Zimmer hip implant was defective.

9. Plaintiff has continued to receive subsequent medical treatment as a result of the failure of Defendants' defective hip implant and resulting complications.

**ANSWER**: The Zimmer entities deny the allegations in paragraph 9 of the Complaint.

10. At a time prior to October 22, 2003, Defendants designed, manufactured, assembled, marketed, sold, distributed, and/or placed within the stream of commerce the implant which broke inside Plaintiff Nancy Burch's right hip on April 9, 2004.

**ANSWER**: The Zimmer entities admit only that Zimmer, Inc. designed and manufactured the device implanted in Plaintiff's right hip on October 22, 2003. The Zimmer entities are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint, and therefore deny them.

11. On April 9, 2004, and at all other relevant times, the hip implant designed and/or manufactured by the defendants was in substantially the same condition as when placed into the stream of commerce by the defendant.

**ANSWER**: The Zimmer entities are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore deny them.

12. On April 9, 2004, and at all other relevant times, the hip implant designed and/or manufactured by the defendants was used in a manner reasonably anticipated by the defendant.

**ANSWER**: The Zimmer entities are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore deny them.

13. The hip implant, when purchased for use from the defendants, and when used at all relevant times, was in a defective and unreasonably dangerous condition in that it was improperly designed and/or manufactured and/or was crafted of inappropriate materials to be used in patients such as Plaintiff Nancy Burch.

**ANSWER**: The Zimmer entities deny the allegations in paragraph 13 of the Complaint.

14. Plaintiff Nancy Burch did not know, and by using ordinary care could not have known, of the unreasonably dangerous and defective condition of the hip implant.

**ANSWER**: The Zimmer entities deny the allegations contained in paragraph 14 of the Complaint.

## COUNT I

15. Plaintiff incorporates by reference and realleges as though fully set forth herein paragraphs 1-14 of the Complaint filed herein.

**ANSWER**: The Zimmer entities incorporate by reference its responses to all paragraphs above as if fully set forth herein.

16. Defendants were under a duty to design, assemble, manufacture, test, market, distribute and sell the hip implant in a reasonably safe condition, so as to prevent injury to the intended users and, in particular, to the plaintiff herein. Defendants breached these duties by failing to comply with the requisite standards of reasonable due care and diligence.

**ANSWER**: The allegations in paragraph 16 of the Complaint contain legal conclusions to which no response is required by the Zimmer entities. To the extent paragraph 16 contains factual allegations directed toward the Zimmer entities, they deny them to the extent they allege the Zimmer entities breached any duty allegedly owed to Plaintiff.

17. Specifically, Defendants were negligent and careless in one or more of the following respects:

 (a) in negligently and carelessly designing, assembling, manufacturing, distributing and/or selling the hip implant when they knew or should have known that it was defective for its intended use;

 (b) in negligently and carelessly failing to recall and/or remove the product

5

from the marketplace;

(c) in negligently and carelessly failing to make to make [sic] safe the defective and unreasonably dangerous condition of the hip implant as described above;

(d) in negligently and carelessly failing to adequately warn and/or instruct buyers, users and operators of the hip implant, including the plaintiff herein, of the unreasonably dangerous and defective condition of the hip implant as described above;

(e) in negligently and carelessly designing, assembling, manufacturing, testing, distributing and selling the hip implant in such a condition that it was likely to result in injury to its users with little or no warning;

(f) in negligently and carelessly failing to adequately instruct the patients receiving the hip implant on its proper use and/or the hazards associated with the use of the hip implant;

(g) were otherwise negligent.

**ANSWER**: The Zimmer entities deny the allegations in paragraph 17 of the Complaint, including all subparts.

## COUNT II

18. The plaintiff incorporates by reference and realleges as though fully set forth herein paragraphs 1-17 of this Complaint.

**ANSWER**: The Zimmer entities incorporate by reference its responses to all paragraphs above as if fully set forth herein.

19. The hip implant, when designed, manufactured, marketed, distributed, offered for sale, sold, and placed into the stream of commerce by Defendants was in an unreasonably dangerous and defective condition when used as intended. Specifically, the hip implant was defective in at least one or more of the following respects:

(a) when used in a normal manner, the implant was incapable of sustaining structural integrity when used in a patient such as Plaintiff;

(b) the hip implant was made of inappropriate and/or inadequate materials;

(c) the hip implant lacked adequate warnings;

(d) the hip implant lacked adequate instructions for safe operation and/or implantation;

(e) the hip implant was defectively manufactured; and

(f) the hip implant was otherwise defective.

**ANSWER**: The Zimmer entities deny the allegations in paragraph 19 of the Complaint, including all subparts.

## **COUNT III**

20. The plaintiff incorporates by reference and realleges as though fully set forth herein paragraphs 1-19 of this Complaint.

**ANSWER**: The Zimmer entities incorporate by reference its responses to all paragraphs above as if fully set forth herein.

21. The defendants failed to warn the ultimate user, including the plaintiff, of the defective and unreasonably dangerous condition of the hip implant.

**ANSWER**: The Zimmer entities deny the allegations in paragraph 21 of the Complaint.

## DAMAGES

22. The plaintiff incorporates by reference and realleges as though fully set forth herein paragraphs 1-21 of this Complaint.

**ANSWER**: The Zimmer entities incorporate by reference its responses to all paragraphs above as if fully set forth herein.

23. As a direct and proximate result of the negligence of Defendant Zimmer US and Defendant Zimmer and/or the dangerous and defective condition of the hip implant, Plaintiff Nancy Burch suffered serious and permanent personal injuries and disfigurement.

**ANSWER**: The Zimmer entities deny the allegations in paragraph 23 of the Complaint.

24. As a further direct and proximate result of the negligence of Defendant Zimmer US and Defendant Zimmer and/or the dangerous and defective condition of the hip implant, Plaintiff Nancy Burch has suffered and will continue to suffer in the future physical pain and mental anguish, has suffered and will continue to suffer in the future physical disfigurement, has suffered and will continue to suffer in the future inconvenience and discomfort, has suffered and will continue to suffer in the future loss of earnings and earning capacity, has incurred and will incur in the future expenses for medical treatment, and has suffered and will continue to suffer in the future other injuries, damages, and expenses.

**ANSWER**: The Zimmer entities deny the allegations in paragraph 24 of the Complaint.

## FIRST DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same may have been caused in whole or in part by the conduct of one or more persons or entities for whose conduct the Zimmer entities were not responsible and with whom the Zimmer entities have no legal connection.

## SECOND DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same may have been the result of intervening and/or superseding causes, and not as a result of the Zimmer entities' acts or omissions.

## THIRD DEFENSE

Plaintiff was negligent, and her negligence caused or contributed to cause any injuries or expenses she claims.

## FOURTH DEFENSE

Plaintiff cannot recover under the Complaint because the Zimmer entities complied with all applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States, District of Columbia, and/or by an agency of the United States or District of Columbia.

## FIFTH DEFENSE

Plaintiff's claims are barred by virtue of the intervention of a learned intermediary or intermediaries to whom the Zimmer entities discharged its duty to warn and by virtue of the Zimmer entities providing adequate warnings.

## SIXTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due to or caused by the fault, lack of care, negligence, strict liability, or any other breach of duty on the part of the Zimmer entities.

## SEVENTH DEFENSE

Plaintiff assumed the risk of any damages alleged in the Complaint.

9

## EIGHTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same may have been caused by the misuse of the product at issue, and the misuse could not have been reasonably expected by the Zimmer entities.

## NINTH DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same may have been caused by a modification or alteration of the product at issue, and the modification or alteration was not reasonably expected by the Zimmer entities.

## TENTH DEFENSE

Plaintiff cannot recover under the Complaint because the product at issue was in conformity with the generally recognized state of the art at the time it was designed, manufactured, packaged, and labeled.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations, statute of repose, and/or doctrine of laches, waiver, or estoppel.

## TWELFTH DEFENSE

Plaintiff's Complaint fails to state a cause of action or claim against the Zimmer entities upon which relief can be granted.

**THIRTEENTH DEFENSE**

The product at issue is a prescription medical device that is reasonably safe because reasonable health care providers prescribe the device for a class of patients, knowing the device's foreseeable risks and therapeutic benefits.

**FOURTEENTH DEFENSE**

The injuries, if any, sustained by Plaintiff were a result of naturally occurring causes and/or disease processes over which the Zimmer entities had no control.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

**SIXTEENTH DEFENSE**

The Zimmer entities may not be held accountable for all damages claimed in this action by virtue of the doctrines of apportionment, indemnification and/or contribution. The Zimmer entities reserve the right to file a cross-claim against any other Defendant or file a claim against any as yet unnamed individual or entity.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the preemptive effect of the federal Food, Drug and Cosmetic Act and other applicable federal law.

**EIGHTEENTH DEFENSE**

To the extent the Zimmer entities may have failed to do so elsewhere in this Answer, it expressly denies any and all allegations of wrongdoing on its part and demands strict proof thereof.

WHEREFORE, the Zimmer entities demand judgment and the dismissal of the Plaintiff's Complaint and all other relief, legal and equitable, to which the Zimmer entities are entitled.

Respectfully submitted:

REED SMITH LLP

Dated:  September 18, 2007

By: /s/ Eric Alexander
Eric L. Alexander, D.C. Bar No. 457491
Jesse J. Ash, D.C. Bar No. 485207
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005
Telephone:  (202) 414-9200
Fax:  (202) 414-9299
Email:  ealexander@reedsmith.com
       jash@reedsmith.com

ATTORNEYS FOR ZIMMER US, INC.,
and ZIMMER, INC.

## CERTIFICATE OF SERVICE

      I certify that on the 18th day of September, 2007, Zimmer US, Inc. and Zimmer, Inc.'s Answer to Plaintiff's Complaint was filed either electronically or by United States first-class mail, postage prepaid to the following:

L. Palmer Foret
The Law Firm of L. Palmer Foret, PC
1735 20th Street, N.W.
Washington, D.C. 20009

                                         /s/ Eric Alexander